## North Wales National Bank v. Lapetina

*Russell J. Brownback*, for petitioner.
*H. Eugene Gardner*, contra.

CORSON, J., May 27, 1939.—Petitioner in the present
rule has title to a one-sixth interest in certain real estate.
Such real estate is now in process of partition under par-
tition proceedings in the orphans' court of this county.
Plaintiff has issued execution and is about to sell peti-
tioner's interest in such real estate. In the petition to
stay, petitioner alleges that execution should be stayed
in common pleas court pending the partition proceedings
in the orphans' court. This petition is based upon the
theory that the property will bring more if sold as a whole
than if sold by separate interests.

Petitioner cites the case of Himelspark's Estate, 8
Dist. R. 327 (1899), which was a proceeding in the
Orphans' Court of Philadelphia County. In that case,

however, the proceeding to sell real estate for payment of debts and the partition proceedings were both in the orphans' court. In the present proceedings the execution is issued by a judgment creditor in the court of common pleas, against petitioner's interest in real estate which is in process of partition in the orphans' court. Since the proceeds of the sale in partition will be distributed in the orphans' court, it may be that the execution creditor could enforce his rights by attaching the interest of petitioner in the hands of the trustee or master in partition. However, this would force the execution creditor to use other remedies to enforce his right and might endanger the lien of his present execution. The mere fact that petitioner's one-sixth interest if sold as part of the whole in partition proceedings might bring more than it would bring as a one-sixth interest at sheriff's sale is insufficient to warrant the stay as prayed.

During the argument of counsel it was intimated that the present use-plaintiff is merely acting for the other parties in interest in the partition proceedings and that as soon as petitioner's one-sixth interest has been sold, and presumably purchased by plaintiff in execution, the partition proceedings will be dropped. It is petitioner's contention, apparently, that the other parties in interest in the partition proceedings are merely using this means to force him to halt the partition proceedings. It may be that both the partition proceedings and the present execution were brought for the purpose of harassing or embarrassing the other party. If this be a fact, however, petitioner has the remedy in his own hands and perhaps under an agreement to drop the partition proceedings the present execution might also be dropped. This, of course, has nothing to do with our decision in the present case.

And now May 27, 1939, the rule to show cause why the writ of execution in the present case should not be stayed, pending the termination of the partition proceedings now in progress, is discharged.